**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Three African American Males,

Plaintiffs,

v.

Wal-Mart Stores, Inc.,

Defendant.

Civil No. 01-1814 (ADM/AJB)

**ORDER ON MOTION TO COMPEL DISCOVERY AND AMENDING DEADLINES**

This matter is before the Court on plaintiffs' amended motion to compel discovery. Hearing was held on November 26, 2003, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Aldo J. Terrazas, Esq., appeared on behalf of plaintiffs. Andrew T. Shern, Esq., appeared on behalf of the defendant.

Based upon the file in this matter, along submissions and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' amended motion to compel discovery is **granted in part, denied in part, and withdrawn in part** [Docket No. 21]. Required responses shall be provided within ten days of the date of this order.

2. Plaintiffs' motion for response to Interrogatory #1 is **withdrawn**.

3. Plaintiffs' motion for response to Interrogatory #5 is **withdrawn**.

4. Plaintiffs' motion for response to Interrogatory #6, seeking a description of policies or procedures relating to the closing of cash registers, is **granted**.

5. Plaintiffs' motion for response to Interrogatory #9, asking whether a prior



FILED DEC 02 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

investigation was conducted, is **denied**. Defendant's reference to employee written statements is sufficient.

6. Plaintiffs' motion for response to Interrogatory #10, seeking information about other claims, is **denied**. The question is overbroad and unduly burdensome. Defendant is required to provide a response with respect to claims arising only at the store in which the incident at issue in this case occurred.

7. Plaintiffs' motion for response to Interrogatory #11 is **withdrawn**.

8. Plaintiffs' motion for response to Interrogatory, seeking information about racial profiling, #15 is **denied**. The question is overbroad and unduly burdensome. Defendant is required to provide a response with respect to racial profiling only at the store in which the incident at issue in this case occurred.

9. Plaintiffs' motion for response to Interrogatory #17, relating to calls to police, is **granted in part and denied in part**. Defendant shall provide responsive information covering the one year period prior to incident at issue in this case.

10. Plaintiffs' motion for response to Interrogatory #18, requesting information regarding in-store detentions, is **granted in part and denied in part**. Defendant shall provide responsive information covering the one year period prior to incident at issue in this case.

11. Plaintiffs' motion for response to Interrogatory #21, seeking a trial witness list, is **granted**. Defendant shall supplement its discovery and provide a complete witness list, with brief descriptions of anticipated testimony, at least one month prior to trial.

12. Plaintiffs' motion for response to Interrogatory #23, requesting facts that support defendant's claim of no liability, is **denied**. Defendant's response by reference to

statements is sufficient.

13. Plaintiffs' motion for response to Interrogatory #25, seeking identifications of particular witnesses, is **denied**. Defendant's response is sufficient.

14. Plaintiff's amended motion seeks a response to Interrogatory #27, but describes the inquiry as addressed in Interrogatory #26. With respect to the request for further response to a question about "inappropriate comments" in Interrogatory #26, the motion is **denied**. Defendant's response is sufficient but shall be supplemented as appropriate. With respect to expert discovery as referenced in Interrogatory #27, responses shall be provided in accordance with the Court's pretrial scheduling order.

15. Plaintiffs' motion for response to Interrogatory #28, relating to surveillance recordings, is **denied**. Defendant has responded. The Court makes no findings with respect to inferences which may be drawn from defendant's response.

16. Plaintiffs' motion for production of documents used to answer the interrogatories is **granted in part and denied in part**. The demand for production is overbroad. However, defendant shall provide all documents specifically referenced in its responses to interrogatories, as well as all documents which may be introduced as evidence at trial. Defendant shall provide a descriptive log of all documents relating to this matter which are not produced on privilege grounds.

17. Plaintiffs' motion for production of documents that contain any part of any answer to the interrogatories is **granted in part and denied in part** as provided above in paragraph 16. Again, defendant shall provide a log of all documents relating to this matter which are not produced on privilege grounds.

18. Plaintiffs' motion for sanctions relating to this motion for discovery is **denied**.

19. The deadline for fact discovery in this action is extended to **January 10, 2004**. The deadline for motion for leave to amend the complaint to allege punitive damages is extended to **January 10, 2004**. The deadline date hearing on for dispositive motions shall remain June 1, 2004, and the trial ready date shall remain August 1, 2004.

Dated: 12/1/03

Arthur J. Boylan
United States Magistrate Judge