**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Three African American Males,

Plaintiffs,

Civil No. 01-1814 ADM/AJB

v.

**ORDER ON MOTION TO AMEND TO ALLEGE PUNITIVE DAMAGES**

Wal-Mart Stores, Inc.,

Defendant.

---

This matter is before the Court on Plaintiffs' Motion for Leave to Amend the Complaint to assert punitive damages. A hearing was held on January 25, 2004 at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Aldo J. Terrazas, Esq., appeared on behalf Plaintiffs Three African American Males, and Andrew T. Shern, Esq., appeared on behalf of the Defendant Wal-Mart Stores, Inc. Based on the file, affidavits, memoranda and arguments of counsel:

**IT IS HEREBY ORDERED THAT** Plaintiffs' Motion for Leave to Amend the Complaint is **granted in part and denied in part**, as set forth in the accompanying memorandum [Docket # 26]. The Plaintiff may file an amended complaint consistent with this order and memorandum..

Dated: March 11, 2004

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

# MEMORANDUM

This case arises out of Plaintiffs Three African American Males (Males) presence at the Fridley Wal-Mart (Defendant) on the night of March 27, 2000. The Males picked up items which they attempted to pay for but then had to wait for the registers to re-open. The registers were closed to allow employees to do the end of the day close out. Meanwhile, Wal-Mart employees observed the Males swearing, staring at the employees, having bandanas in their pockets, and being loud. This behavior was interpreted by some employees as being possibly gang related. During this time, Wal-Mart supervisor Carol Lee was notified by another employee that one of the Males might have been seen with a gun.

Upon hearing the report of a gun, Lee called 911 and requested a police walkthrough after describing the situation at the store. Lee further stated that an employee "thought that they had seen one of the gentlemen with a gun down the front of his pants." When asked about the gun by the 911 operator, Lee clarified that an employee saw "a big bulge in the front of his pants." After Lee got off the phone, a Wal-Mart associate talked to the 911 operator. When asked if the Males were making a purchase, the associate stated "yea." The 911 dispatcher called Wal-Mart back. Another employee stated he was "not sure if they [Males] have any weapons or not" and that the Males made a purchase.

After the Males left the store, but were still on the Wal-Mart premises, the police arrived and told the Males to get down on the ground. Officers had their guns drawn. In conducting a search of the Males, no gun was found. Afterwards, one of the Males re-entered the Wal-Mart and retrieved two more items that he believed he had paid for. When the Male left the store with the two items, an

employee followed the Male out of the store and told the police, who were still in the parking lot, that the Male did not pay for the items. A Male went back into the Wal-Mart and paid for the items because the items were not on the receipt. No criminal charges were made with regard to the unpaid items as the situation appeared to have been the result of genuine confusion surrounding the events and not because of a clear intent to steal the items.

**Punitive Damages**

In Minnesota, a party cannot plead punitive damages in their original complaint. See Minn. Stat. § 549.191 (2004). The party must make a motion to the Court for leave to amend the complaint to include the claim for punitive damages. See id.

**42 U.S.C. § 1981 Claim and MHRA Claim**

"[C]auses of actions premised upon the Law of the State of Minnesota . . . must generally conform to the requirements of Minnesota Statutes Sections 549.191 and 549.20." Hern v. Bankers Life Cas. Co., 133 F.Supp.2d 1130, 1134 (D. Minn. 2001). There is no pleading rule with respect to federal causes of action. The Section 1981 claim is a federal cause of action. Thus, the Section 1981 claim does not need to conform to the Minnesota requirements for amending the complaint.

In addition, "[t]he pleading requirements of Minnesota Statutes Section 549.191 do not apply to claims brought under the MHRA." Hern, 133 F.Supp.2d at 1134 n.1. The Males have an MHRA claim. Thus, the pleading requirements do not apply to the Male's MHRA claim.

"[A] party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (2004). Under the pretrial notice, the deadline to amend the pleadings for punitive damages was January 10, 2004 [Docket #25]. The Males

amended their complaint to show punitive damages on January 12, 2003.[1] Thus, the Males will be permitted to amend their Section 1981 and MHRA claims.

**State Defamation Claim**

"[C]auses of action . . . premised upon the Law of the State of Minnesota . . . must generally conform to the requirements of Minnesota Statutes Sections 549.191 and 549.20." Hern, 133 F.Supp.2d at 1134. The Males base their defamation claim on state law. Thus, the Males' defamation claim must conform to the requirements of Sections 549.191 and 549.20.

The plaintiff must submit affidavits that provide "clear and convincing" evidence that the defendant acted with deliberate disregard for the rights of the plaintiff. See Minn. Stat. §§ 549.191, 549.20 subd. 1(a).

> A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregarded facts that create a high probability of injury to the rights or safety of others and [either]: (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injuries to the rights or safety of others; or (2) deliberately proceeds to act with indifference to the high degree of probability of injury to the rights or safety of others.

Minn. Stat. § 549.20, subd. 1(b). "The trial court has discretion in allowing a plaintiff to amend its complaint to assert punitive damages." Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir.1994).

Plaintiff had made no showing that Wal-Mart intentionally disregarded facts or had knowledge

---

[1]"Once the pretrial discovery schedule is adopted, it shall not be extended . . . except upon written motion and for good cause." Local Rule 16.3. The Males filed a letter seeking permission to amend the date to file this motion from January 10, 2004, to January 12, 2004, because the tenth was a Saturday. Since the deadline date fell on a weekend the Court finds the delay to be *de minimus*.

of facts that created a high probability of injury to the Males. Wal-Mart employees never stated that the Males actually had a weapon or were robbers. Wal-Mart employees couched the language in terms of a possible weapon and a bulge in the Males' pants. A Wal-Mart associate stated that the Males were making a purchase, not casing the store. The supervisor, Carol Lee, talked to several employees before deciding to call the police. As a practical matter, because a gun is a dangerous weapon Wal-Mart could not reasonably have been expected to perform an investigation to 100% certainty when a gun is suspected. To be sure, a responsible employer will notify police when there is a possible safety threat relating to firearms. A court should not punish an employer for reporting such observations to the police. Finally, Wal-Mart did not intentionally disregard facts when an employee stated that the Males removed items from the store that were not on the receipt, when in fact the items were not on the receipt.

Thus, the plaintiffs' motion to amend for punitive damages as to the defamation claim is denied because there is no clear and convincing evidence of deliberate disregard for the Males' rights.

AJB