# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Three African American Males

Plaintiffs

Court File No.Civ.-01-CV-1814 ADM/AJB

v.

**PLAINTIFFS RESPONSE TO DEFENDANT'S MOTION TO AMEND THE PLEADINGS**

Wal-Mart Stores, Inc.

Defendant.

## MEMORANDUM–SUMMARY

Defendant's motion is untimely. The court need not look any further in denying their motion. The deadline for any motion has expired long ago. The cases cited by defendant are not applicable, they are cases where a party was not named in the pleading; the identity was not revealed. Here plaintiffs' names are set forth in the very first paragraph of the Complaint.

## FACTS

On July 22, 2003, at the pre-trial conference, Hon. Arthur Boylan informed defendant's counsel to address the issue of the caption of the case by motion. (Affidavit of Aldo J. Terrazas.) The time for motions to amend the pleadings expired on September 1, 2003. The time to bring non-dispositive motions expired on April 1, 2004. The Notice of Assignment of Cases for Trial was issued on July 8, 2004, setting this case on the trial docket for the week of September 7, 2004. A week after the Notice of Assignment was issued defendant noticed this motion.

Defendant has a history of not complying with deadlines or orders. They failed to answer the Complaint forcing a default motion. Then they failed to answer a motion to compel. On both instances the court allowed them to proceed. At a settlement conference defendant was ordered to appear with someone in authority to settle; they brought no-one with that authority.

SCANNED
AUG 02 2004
U.S. DISTRICT COURT ST. PAUL

Defendant's attorney stated that the reason they want to change the caption of the case is because, in the event of a payment, they cannot make a check to the plaintiffs as listed in the caption of the case. (Affidavit of Aldo J. Terrazas). Plaintiffs' names, however, are on the first paragraph of the Complaint.

**ARGUMENT**

Defendant's motion is untimely by a very long time. This, along with defendant's history of untimeliness and non-responsiveness, is sufficient ground to deny their motion. Moreover, the identities of plaintiffs is not unknown. Their names became a matter of public record when the case was filed because each plaintiff is listed by name and age in the first paragraph of the Complaint. Nothing is being hidden. There is no prejudice to defendant. A review of the authorities cited by defendant reveal cases where the name of the plaintiff(s) was not disclosed and the defendant wanted to know who they were defending against or they wanted their names published. That is not the case here, plaintiffs names are known and published.

Take Doe v. Indiana Black Expo, Inc. 923 F. Supp. 137 (S.D. Ind. 1996), for instance. Defendant cites this case for the proposition that it is "fundamentally unfair" to them that plaintiffs names are not in the caption. However, that case is radically different from ours; there the plaintiff's name was nowhere in the pleading. Wal-Mart adopts the arguments of Indiana Black Expo and quotes at length reasoning applicable to a party defending a lawsuit against an un-identified plaintiff, but Wal-Mart forgets to tell the court that the plaintiffs here are clearly identified. The public knows who they are. They were on television. Their names were printed in the newspaper article reporting the filing of this lawsuit. Where is the unfairness?

When this case was publicized on television an attorney by the name of Bill Werntz appeared on behalf of Wal-Mart speaking about specific aspects of the case. (See, Plaintiffs'

Motion for a Default Judgment.) However, Wal-Mart did not answer the Complaint forcing a default hearing. Even though they clearly knew about the case, they claimed they did not receive the Complaint. Now, even though they have known all along the identities of the plaintiffs since day 1, they want to claim "unfairness" citing the false argument that plaintiffs identities are not disclosed.

Defendant has waited until all deadlines have passed and we are on the eve of trial to bring disingenuous arguments such as "we don't know who to make a check to" in the event of a payment.

Defendant's lack of candor should not go unnoticed. There is no harm and no unfairness to defendant. Therefore, there is no reason to grant their motion. As such the same should be denied.

Dated: July 30, 2004

Aldo J. Terrazas, Lic. 190524
Attorney for Plaintiffs
701 4th Avenue South, Suite 500
Minneapolis, MN 55415
612-321-0550

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Three African American Males

Plaintiffs

Court File No.Civ.-01-CV-1814 ADM/AJB

v.

**AFFIDAVIT OF ALDO TERRAZAS**

Wal-Mart Stores, Inc.

Defendant.

STATE OF MINNESOTA)
)ss.
COUNTY OF COUNTY )

Aldo Terrazas, sworn under oath, deposes and states as follows:

1. I am the attorney of record for the plaintiffs and I make this affidavit in support of plaintiffs' response to defendant's motion to Amend the Pleadings to change the case caption.

2. On July 22, 2003, the parties met with United States Magistrate Judge, Hon. Arthur Boylan for a pre-trial conference pursuant to Federal Rules of Civil Procedure 26(f). Defendant's counsel raised the issue subject of the instant motion during the conference. The court informed defendant that the issue should be addressed with a proper motion before the court.

3. Defendant never again broached the subject for the next twelve months of litigation. The deadline for motions to amend the pleadings (the applicable motion here) came and went on September 1, 2003. Defendant did nothing. Likewise, the deadline for non-dispositive motions expired on April 1, 2004, without a word from defendant.

4. A week after the Court's Notice of Assignment of Cases for Trial was issued, or July 14,

2004, the undersigned called defendant's attorney, Mr. Shern to discuss the requirements set forth in the Notice. At the end of the conversation, Mr. Shern asked if plaintiffs were willing to change the name of the case, stating, as his reason for the request that defendant, in the event of a payment, could not make a check to the party listed as plaintiffs in the caption. Plaintiff's attorney informed Mr. Shern that Magistrate Boylan had told defendant at the pre-trial conference to address the matter by motion and that the deadline for any such motion had long passed. The same was reiterated by letter dated July 15, 2004.

5. Defendant has a history of ignoring deadlines or orders from the court. They failed to answer the Complaint claiming they never received it even though the filing of the lawsuit was published in the Star-Tribune and television and a lawyer provided comments on behalf of Wal-Mart on television. The court gave them the benefit of the doubt and allowed the case to proceed. Then, when plaintiff moved to compel answers to discovery, Wal-Mart never responded to the motion, never even moved the court to accept its oral response at the hearing; nevertheless, the court, again, allowed them to proceed and considered their arguments. At a mediation conference Wal-Mart was "ordered" to attend with someone with authority to settle the case, yet they brought no-one with authority ignoring the court's order. Now, Wal-Mart again ignores the court's set deadlines for this type of motion.

6. At the time of service of the Notice of the instant motion, plaintiffs' attorney was out of town due to a death in his immediate family. He was not able to come back into his office until July 27. Nevertheless, an attempt was made to serve this response to defendant's motion on time electronically, but the system would not take it saying that it

"exceeded 2MB." Therefore, this response is being served by e-mail to the Magistrate's office and filed by post to the court with an explanation. Defendant is being served by e-mail and post.

Dated: 7/30/04

Aldo J. Terrazas

Subscribed and sworn to
before me on this date: 07/30/04

Notary Public

PATRICIA M. GOMEZ
Notary Public
Minnesota
My Commission Expires January 31, 20

# ALDO J. TERRAZAS, Esq.

TRIAL LAWYER■ COUNSELOR■ ADVOCATE

RECEIVED
BY MAIL

AUG 02 2004

CLERK, US DIST. COURT
ST. PAUL, MN

July 30, 2004

Clerk of Court
W. Burger Federal Building
316 North Robert Street
St. Paul, MN 55101

RE: *Three African American Males v. Wal-Mart Stores, Inc.*
Court File No. Civil No.: 01-~~1811~~4(ADM/AJB)
01-1814

Dear Clerk of Court:

Please note: attempts to file this electronically failed with the message that the file "exceeded 2MB." Accordingly, enclosed for filing, on behalf of the plaintiffs, please find Plaintiffs' response to Defendant's Motion to Amend the Pleading.

Hon. Arthur Boylan is being served by e-mail with a courtesy copy and following request:

> Plaintiffs move to have the court accept the enclosed as their response to defendant's motion.

Sincerely,

Aldo J. Terrazas

AJT/pg

enc.

c: Hon. Boylan
Mr. Shern

701 4th Avenue South, Suite 500
Minneapolis, MN 55415

aldoterrazas@msn.com

Office: 612-321-0550
Cell: 612-201-3584
Assistant: 612-616-1807